STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>FRED PRUITT, an individual,<br><br>Defendant. | Case No.: 2:10-cv-01347<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Fred Pruitt ("Mr. Pruitt"), on information and belief:

### NATURE OF ACTION

1.  This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

### PARTIES

2.  Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Pruitt is, and has been at all times relevant to this lawsuit, identified by the current registrar, Namesdirect ("Namesdirect"), as the registrant, administrative contact and technical contact of the Internet domain found at <rantburg.com> (the "Domain").

## JURISDICTION

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6. Righthaven is the owner of the copyright in and to the literary work entitled: "Welcome back, Mr. President.  Your economic policies suck." (the "Work"), attached hereto as Exhibit 1.

7. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

8. Mr. Pruitt willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

9. On or about July 10, 2010, Mr. Pruitt displayed, and continues to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the Domain (said content accessible through the Domain and the Domain itself known herein as the "Website").

10. The subject matter, at least in part, of the Work and the Infringement, is the Obama administration's economic policies and their effect on Nevada's economy.

11. At all times relevant to this lawsuit, Mr. Pruitt knew that the Work was originally published in the Las Vegas *Review-Journal*.

12. At all times relevant to this lawsuit, Mr. Pruitt knew that the Infringement was and is of specific interest to Nevada residents.

13. Mr. Pruitt's display of the Infringement was and is purposefully directed at Nevada residents.

14. Mr. Pruitt knew, or reasonably should have known, that websites, such as the Website, are and were at all times relevant to this lawsuit, the habitual subject of postings by others of copyright-infringing content.

15. At all times relevant to this lawsuit, Mr. Pruitt did not institute any proactive policy of precluding or attempting to preclude the posting by others of copyright-infringing content on the Website.

16. At all times relevant to this lawsuit, Mr. Pruitt did not institute any proactive policy of monitoring or attempting to monitor the posting by others of copyright-infringing content on the Website.

17. At all times relevant to this lawsuit, Mr. Pruitt did not institute any proactive policy of deleting or attempting to delete the posting by others of copyright-infringing content on the Website.

18. At all times relevant to this lawsuit, Mr. Pruitt's failure to institute any proactive policies intended to address the posting by others of copyright-infringing content on the Website constituted and constitutes Mr. Pruitt's willful blindness to copyright infringements occurring on the Website.

**VENUE**

19. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

20. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400(a), because Mr. Pruitt is subject to personal jurisdiction in Nevada.

**FACTS**

21. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

22.     Righthaven is the owner of the copyright in and to the Work.

23.     The Work was originally published on July 9, 2010.

24.     On July 27, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007182390 (the "Registration") and attached hereto as Exhibit 3 is evidence of the Registration from the official USCO database depicting the occurrence of the Registration.

25.     On or about July 10, 2010, Mr. Pruitt displayed, and continues to display, the Infringement on the Website.

26.     Mr. Pruitt did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

27.     Mr. Pruitt was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

28.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 27 above.

29.     Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

30.     Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

31.     Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

32.     Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

33.     Mr. Pruitt reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

34.     Mr. Pruitt created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

35. Mr. Pruitt distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

36. Mr. Pruitt publicly displayed, and continues to publically display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

37. Mr. Pruitt has willfully engaged in the copyright infringement of the Work.

38. Mr. Pruitt's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

39. Unless Mr. Pruitt is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Mr. Pruitt, and Mr. Pruitt's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Mr. Pruitt, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Mr. Pruitt to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to Mr. Pruitt's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

b.  All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding Mr. Pruitt's use of the Work; and

c.  All financial evidence and documentation relating to Mr. Pruitt's use of the Work;

3.  Direct the current domain name registrar, Namesdirect, and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4.  Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5.  Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.  Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.  Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this ninth day of August, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff